UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD VICKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-5471** |
| **SGT. CHARLES GRIFFIN, ET AL.** | **SECTION: "S"(3)** |

## ORDER AND REASONS

Plaintiff, Donald Vicks, a state prisoner, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, against Charles Griffin, Darryl Mizell, Tommy Margiotta, Brink Hillman, Dwight Blackburn, Rick Warren,[1] Thomas Mitchell, Roland Steadman, and Jimmy Griffin. In this lawsuit, plaintiff asserts claims for sexual assault, physical abuse, and verbal abuse. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[2]

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

---

[1] Warren was incorrectly identified in the complaint as "Lt. R. Williams."

[2] Rec. Doc. 28.

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.

Although broadly construing plaintiff's claims,[3] the Court nevertheless finds that, for the following reasons, several of plaintiff's claims must be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

A <u>Spears</u> hearing was held in this case on December 12, 2007, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).[4] At that hearing, plaintiff was sworn and his testimony was recorded. Based on his complaint and the <u>Spears</u> hearing testimony, the Court finds that plaintiff is asserting the following claims.

At approximately 4:00 p.m. on May 10, 2006, Sgt. Charles Griffin forced plaintiff to perform oral sex while Sgt. Brink Hillman acted as the lookout. The incident was quickly reported to prison authorities, including Lt. Darryl Mizell, who accused plaintiff of lying about the matter. At approximately 9:15 p.m. on that same night, plaintiff was taken outside and beaten by Mizell, Sgt. Dwight Blackburn, and Lt. Roland Steadman.[5]

---

[3] The court must liberally construe a *pro se* civil rights complaint. See <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

[4] "[T]he <u>Spears</u> procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." <u>Davis v. Scott</u>, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a <u>Spears</u> hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996). <u>Spears</u> hearing testimony becomes a part of the total filing by the *pro se* applicant. <u>Id</u>.

[5] In the complaint, plaintiff stated that Hillman was the "lookout man" but the circumstances of Hillman's involvement were otherwise unclear. At the <u>Spears</u> hearing, plaintiff seemed to indicate that Hillman served as the lookout during the beating; however, in plaintiff's administrative grievance, he indicated that Hillman was the lookout during the original sexual assault. Because only the claims related to the sexual assault will be allowed to go forward in this lawsuit, the Court,

Plaintiff subsequently filed a formal administrative grievance regarding the sexual assault. On May 24 or 25, 2006, Lt. Thomas Mitchell told plaintiff that he would be killed unless he dropped that grievance. Around that same time, Sgt. Tommy Margiotta, Sgt. Jimmy Griffin, and Lt. Rick Warren also harassed and threatened plaintiff regarding the grievance.

Turning first to the claims against Lt. Thomas Mitchell, Sgt. Tommy Margiotta, Sgt. Jimmy Griffin, and Lt. Rick Warren for verbal threats and harassment, the Court finds that those claims simply are not actionable. Such verbal abuse and threats, although undeniably troubling, simply do not give rise to a claim cognizable pursuant to 42 U.S.C. § 1983. See Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983 ...."); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983."); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983."); see also Westbrook v. Treon, 78 Fed. App'x 970, 972 (5th Cir. 2003) ("Verbal threats do not rise to the level of a constitutional violation."); George v. Travis, Civil Action No. 07-986, 2007 WL 1428744, at *6 (E.D. La. May 10, 2007); Vessell v. Gusman, Civil Action No. 06-2294, 2006 WL 2067723, at *2 (E.D. La. Jul. 19, 2006).

Moreover, 42 U.S.C. § 1997e(e) provides: "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Because the verbal abuse and

---

out of an abundance of caution and pending further clarification, will assume for now that Hillman was the lookout during the sexual assault.

4

threats resulted in no physical injury, plaintiff's claims are barred on that basis as well. See Calhoun, 312 F.3d at 734; George, 2007 WL 1428744, at *7.

As to the remaining claims, the Court notified plaintiff that it appeared those claims may be prescribed.[6] Accordingly, plaintiff was ordered to submit a memorandum in support of those claims explaining why they should not be dismissed on that basis. Plaintiff has submitted a memorandum as ordered.[7] Additionally, defense counsel was ordered to submit copies of all administrative grievance records relating to the claims. Counsel has complied with that order, and those records have been filed into this federal record.[8] For the following reasons, the Court finds that plaintiff's sexual assault claims are timely filed; however, it is evident that the physical abuse claims are prescribed.

"[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); La. Civ. Code Ann. art. 3492. "Ordinarily, a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Price v. City of San Antonio, Texas, 431 F.3d 890, 893 (5th Cir. 2005) (quotation marks omitted).

---

[6] "In an action under section 1915, a district court may raise the defense of limitations sua sponte." Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). A complaint asserting prescribed claims is properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Francis v. United States, Civil Action No. 07-1991, 2007 WL 2332322 (E.D. La. Aug. 13, 2007).

[7] Rec. Doc. 27.

[8] Rec. Doc. 29.

5

In the instant case, plaintiff's remaining claims accrued when the incidents occurred on May 10, 2006. Therefore, unless the statute of limitations was tolled for some reason, his claims would be timely only if the instant lawsuit was filed within one year from that date. It is clear that the instant complaint was not filed by that deadline. Under the federal "mailbox rule," an inmate's *pro se* complaint is considered to have been "filed" when it is presented to prison officials for mailing. See Cooper v. Brookshire, 70 F.3d 377, 379-80 (5th Cir. 1995). Because plaintiff's complaint was signed and dated on August 22, 2007, that is the earliest date it could have been given to prison officials and considered "filed" for purposes of prescription.

However, the United States Fifth Circuit Court of Appeals has held that, in civil rights actions filed pursuant to 42 U.S.C. § 1983 by Louisiana state prisoners, the limitations period is tolled while administrative remedies are being pursued. Harris v. Hegmann, 198 F.3d 153, 156-59 (5th Cir. 1999). Accordingly, plaintiff argues that his claims were not prescribed because his limitations period was tolled while his administrative grievance number WCI-2006-402 was pending before the prison authorities.

The prison records reflect that plaintiff filed grievance number WCI-2006-402 on May 10, 2006, the same day the sexual assault allegedly occurred. In that grievance, he stated:

> I inmate (Donald Vicks #397218) was sexually assaulted by Sgt. C. Griffin on 5-10-06 at approximately 4:00 p.m. Sgt. C. Griffin approached my cell and stated inmate Donald Vicks #397218 come to the bars for a shake down in which I complied. Once hand cuffed Sgt. C. Griffin told St. Brinks [sic] Hillman to open cell 3. On my way to the wall for the shake down Sgt. Griffin stated go the other way into the lobby. When I entered the lobby I was told to enter the staff's rest room. Once inside the rest room Sgt. C. Griffin then told Sgt. Brinks [sic] Hillman to keep look out until he's through.
> The rest room door was close when Sgt. C. Griffin forced me to my knees then ordered me to perform oral sex on him. When I refused he stated, bitch you're

> already a homosexual so don't play with me, and if you don't suck my cock, I'll make sure your stay at W.C.I. will be a living hell. Then he appeared out of his pockett [sic] with a metal looking rod that looked to be about 6 inches long and Sgt. C. Griffin then stated bicth [sic] don't make me use this. So I performed oral sex on Sgt. C. Griffin!

That grievance was denied on August 2, 2006. Plaintiff then filed a timely appeal which was likewise denied on September 21, 2006.

Based on the foregoing, the Court concludes that the limitations period for plaintiff's sexual assault claims against Sgt. Charles Griffin and Sgt. Brink Hillman was tolled from May 10, 2006, through September 21, 2006. Because the instant federal complaint was then filed less than one year later on August 22, 2007, those claims are not prescribed.

However, grievance number WCI-2006-402 did not reference the claims against Lt. Darryl Mizell, Sgt. Dwight Blackburn, and Lt. Roland Steadman for physical abuse. Accordingly, that grievance did not toll the statute of limitations with respect to those claims. Because there appears to be no other basis for tolling the limitations period as to those claims which accrued on May 10, 2006, the Court finds that the claims were prescribed when the instant lawsuit was filed on August 22, 2007.

Accordingly,

**IT IS ORDERED** that the sexual assault claims against Sgt. Charles Griffin and Sgt. Brink Hillman be allowed to proceed.

**IT IS FURTHER ORDERED** that, within twenty days, Sgt. Charles Griffin and Sgt. Brink Hillman respond to the claims against them.

7

**IT IS FURTHER ORDERED** that plaintiff's claims against Lt. Darryl Mizell, Sgt. Dwight Blackburn, Lt. Roland Steadman, Lt. Thomas Mitchell, Sgt. Tommy Margiotta, Sgt. Jimmy Griffin, and Lt. Rick Warren are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

New Orleans, Louisiana, this twenty-eighth day of February, 2008.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**